**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENTRELL PLAIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **AMERICAN ZURICH INSURANCE COMPANY** | **MAGISTRATE** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through the undersigned counsel, comes Plaintiff, KENTRELL PLAIN, who respectfully submits this complaint for damages against Defendant, AMERICAN ZURICH INSURANCE COMPANY, and further respectfully avers as follows:

## PARTIES

**1.**

Plaintiff, KENTRELL PLAIN, is a natural person of full age and majority and who is domiciled in Louisiana.

**2.**

Defendant, AMERICAN ZURICH INSURANCE COMPANY, (hereinafter "Defendant") is an insurance company and corporation incorporated in Illinois, with its principal place of business in Illinois, and which can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

**3.**

This Court has diversity subject matter jurisdiction under 28 U.S.C.A. § 1332(a). Plaintiff is a Louisiana citizen. The Defendant is an entity with foreign incorporation and principal place of

1.

business. Plaintiff claims against Defendant exceed $75,000.00. Additionally, Plaintiff seek to recover from Defendant all consequential damages, statutory penalties, attorney's fees, costs, and expenses pursuant to La. Rev. Stat. Ann. § 22:1892 and La. Rev. Stat. Ann. § 22:1973.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division, and a substantial part of the property that is the subject of this action is situated in this District and Division.

**FACTUAL BACKGROUND**

**5.**

At all relevant times hereto, Plaintiff owned the property located at 4723 Winnebago Street, Baton Rouge, LA 70805 (the "Insured Property").

**6.**

At all relevant times hereto, Defendant issued a policy of insurance, bearing policy number ER73871914 (the "Policy"), covering the Insured Property against loss and damage caused by, among other perils, wind and hail. The Policy was in full force and effect at the time of the covered loss event that is the subject of this instant lawsuit.

**7.**

On August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category Four hurricane, and traveled north through areas of Southeast Louisiana.

**8.**

Hurricane Ida caused substantial amounts of damage to the exterior, interior, roof, and other structures of the Insured Property, allowing water to infiltrate the interior as a direct result

of that damage and otherwise caused significant damage to and throughout the property, as well as caused Plaintiff to lose use of the Insured Property, lose or suffer damaged contents, and incur extra expenses.

**9.**

In compliance with the Policy, Plaintiff provided timely notice of the loss event to Defendant.

**10.**

Upon notification of the loss event, Defendant performed inspection(s) of the loss and damage to the Insured Property, and/or received satisfactory proof of loss and damage from Plaintiff.

**11.**

Plaintiff, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and always made the Insured Property available for inspection.

**12.**

Defendant has been in possession of sufficient evidence and/or opportunity to fully apprise itself of the actual losses and damages Plaintiff has suffered, including to the Insured Property, as a result of Hurricane Ida.

**13.**

Defendant failed to pay the amount due to Plaintiff in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to properly settle Plaintiff' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**14.**

Defendant breached its affirmative duties under LSA-R.S. 22:1892 as a result of its failure to timely and reasonably adjust the subject losses and/or pay the amount due to Plaintiff.

**15.**

Defendant failed to pay the amount due to Plaintiff in connection with the subject claims within thirty (60) days after receipt of satisfactory proof of loss for more than (60) days.

**16.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses and/or pay the amount due to Plaintiff.

**17.**

Defendant has failed to make adequate payment(s) to date to Plaintiff for damages caused by Hurricane Ida to cover the costs to repair the Insured Property, despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjuster's inspection.

**18.**

Defendant's failure to timely and adequately pay benefits owed under the Policy has placed the Insured Property at risk, and has caused, and continues to cause, Plaintiff to sustain and/or incur loss of use; increased costs of remediation, repairs, and construction; extra losses and expenses; as well as incur professional expenses, including expert and/or attorney's fees.

**19.**

Defendant's failure to adequately pay to Plaintiff the costs to repair the Insured Property and the benefits due, failure to pay benefits timely within thirty (30) and/or sixty (60) days, and failure to make a written offer to properly settle timely, are all, and each of them, arbitrary,

capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

## CAUSES OF ACTION

### A.  Breach of Insurance Contract.

**20.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**21.**

The Policy is an insured contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**22.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiff under the Policy.

**23.**

Upon information and belief, Defendant has breached the insurance contract by and among other things:

    i.    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

    ii.    purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

    iii.    conducting the investigation and claims handling in bad faith;

    iv.    failing to adequately compensate Plaintiff for the damages to the Insured Property as required by the Policy;

**24.**

Plaintiff has suffered and will continue to suffer damages as result of Defendant's breach of the insurance contract.

**B.      Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.**

**25.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**26.**

Defendant received satisfactory proof of loss and had knowledge of the insurance benefits due to Plaintiff as of the date of its initial inspection of the damage to the Insured Property, and/or as of the date Plaintiff provided satisfactory proof of loss to Defendant.

**27.**

Despite Defendant's obligations pursuant to La. Rev. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4), Defendant failed to make a written offer to settle any property damage claim and pay the amount of any claim due to its insured within thirty (30) days after receipt of satisfactory proof of loss, including but not limited to the undisputed amounts owed under the Policy, whereby Defendant's failure was and is arbitrary, capricious, without probable cause, made in bad faith, and a breach of Defendant's obligations.  Due to its failure, Defendant owes the insured the penalty imposed under La. Rev. Stat. Ann. §22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured, or $1,000, whichever is greater, as well as reasonable attorney's fees and costs.

**28.**

Despite Defendant's affirmative duty pursuant to La. Rev. Stat. Ann. §22:1973, Defendant failed to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the

insured, and failed to pay the amount of any claim due to any person insured by the contract within

sixty days (60) after receiving satisfactory proof of loss, including but not limited to the undisputed

amounts owed under the Policy, whereby Defendant's failure was and is arbitrary, capricious,

without probable cause, made in bad faith, and a breach of Defendant's affirmative duties. Due to

its failure, Defendant owes the insured for general and/or specific damages to which the insured is

entitled as a result of Defendant's breach, and for Defendant's failure to comply with the 60-day

timeline, the amount of which is a penalty equal to two (2) times the damages sustained or

$5,000.00, whichever is greater.

## DAMAGES

**29.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs

above as if restated herein.

**30.**

As a result of the actions of Defendant, Plaintiff suffered the following nonexclusive list

of past, present, and future damages, in amounts reasonable in the premises:

    a.    Damage to the building and other structures located at the Insured Property;

    b.    Mitigation, remediation, and repair costs;

    c.    Diminution in value;

    d.    Lost and/or damaged contents and personal property;

    e.    Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

    f.    Loss of use, loss of rent, additional living expenses, and extra expenses;

    g.    Loss of business and economic opportunities;

h.   Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

i.   Mental anguish and other consequential damages caused by Defendant's breaches;

j.   Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

k.   Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**31.**

Plaintiff demands a trial by jury for all triable issues.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, KENTRELL PLAIN, respectfully   pray Defendant, AMERICAN ZURICH INSURANCE COMPANY, be served with a copy of this complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings there be a judgment entered in favor of Plaintiff and against Defendant for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate  in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate in the premises.

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**Date:** August 25, 2023

**BY:**   /s/ *Scott D. Peebles*

8.

**RAJAN PANDIT**, Bar No. 32215
**JOHN FEZIO**, Bar No. 33993
**PETER N. FREIBERG**, Bar No. 22912
**SCOTT D. PEEBLES,** Bar No. 27032
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:     (504) 313-3800
Facsimile:     (504) 313-3820
Email:          rpandit@panditlaw.com
                sfezio@panditlaw.com
                pfreiberg@panditlaw.com
                speebles@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,**
**RICHARDSON & WATSON, LLC**
**MATTHEW M. MIZE**, Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:     (337) 433-0234
Fax:            (337) 433-8595
Email:          mmm@rmwlegal.com

*Counsel for Plaintiff*

9.